UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZURI S.K. YOUNG,<br><br>Plaintiff,<br><br>v.<br><br>MARIO ESPINO, et al.,<br><br>Defendants. | Case No. 24-cv-1825-RSH-SBC<br><br>**ORDER: (1) DENYING MOTIONS TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g); AND**<br><br>**(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)**<br><br>[ECF Nos. 2, 5] |

Plaintiff Zuri S.K. Young, a state prisoner currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. *See* ECF No. 1 ("Compl."). Plaintiff alleges various RJD officials used excessive force against him in July and August 2024 as part of a conspiracy to silence him as a "truthteller against a department that racially discriminates [and] hates black prisoners." *Id.* at 2–5.

///

Plaintiff did not pay the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action at the time he filed his Complaint; instead, he filed two separate motions to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF Nos. 2, 5. Plaintiff has also filed a declaration in which he acknowledges having three prior "strike" dismissals pursuant to 28 U.S.C. § 1915(g), but requests an "imminent danger" exception. *See* ECF No. 4.

For the reasons below, the Court denies Plaintiff's motions and dismisses this civil action without prejudice.

## I.   IFP MOTION

### A.   Legal Standard

All parties instituting a civil action (other than a writ of habeas corpus) in a federal district court must pay a statutory fee of $350. *See* 28 U.S.C. § 1914(a).[1] Absent fee payment, the action may proceed only if the filer seeks and the court grants leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007) ("*Cervantes*"). "All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face an additional hurdle." *Id.*

"To help staunch a 'flood of non-meritorious' prisoner litigation, the Prison Litigation Reform Act of 1995 (PLRA) established what has become known as the three-strikes rule." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020) (quoting *Jones v. Bock*, 549 U.S. 199, 203 (2007)). "That rule generally prevents a prisoner from bringing suit [IFP] . . . if he has had three or more prior suits 'dismissed on the grounds that [they] were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted.'"

---

[1] In addition to the statutory fee, litigants must pay an additional $55 administrative fee, but "[t]his fee does not apply to … persons granted *in forma pauperis* status under 28 U.S.C. § 1915." 28 U.S.C. § 1914 (Jud. Conf. Schedule of Fees, Dist. Ct. Misc. Fee Schedule § 14 (eff. Dec. 1, 2023); *see also* S.D. Cal. CivLR 4.5.a.

1  *Id.* (quoting 28 U.S.C. § 1915(g)); *Ray v. Lara*, 31 F.4th 692, 697 (9th Cir. 2022). "A negative consequence that may impact a prisoner who files [] frivolous complaint[s] is a restriction on his ability to file future cases without prepaying filing fees." *Harris v. Mangum*, 863 F.3d 1133, 1139 (9th Cir. 2017).

When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)). In other words, "[a] strike-call under Section 1915(g) [] hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect." *Lomax*, 140 S. Ct. at 1724–25. "[I]f a case was not dismissed on one of the specific enumerated grounds, it does not count as a strike under § 1915(g)." *Harris v. Harris*, 935 F.3d 670, 673 (9th Cir. 2019); *see also Hoffman v. Pulido,* 928 F.3d 1147, 1152 (9th Cir. 2019) ("[T]o qualify as a strike for § 1915(g), a case as a whole, not just some of its individual claims, must be dismissed for a qualifying reason.") (citing *Washington v. Los Angeles Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016)). Once a prisoner accumulates three strikes, however, § 1915(g) precludes his ability to proceed IFP in any other civil actions or appeals in federal court unless he "makes a plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes,* 493 F.3d at 1051–52 (quoting 28 U.S.C. § 1915(g)).

**B.   Analysis**

Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, but "in some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005). This is one of those instances. As Plaintiff admits, and a review of court dockets available on PACER show, Plaintiff is no longer eligible to proceed IFP because while incarcerated, he has had more than three prior prisoner civil actions dismissed on the

grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See* ECF No. 4 at 2. Pursuant to Federal Rule of Evidence 201(b)(2), this Court may take judicial notice of the docket records in Plaintiff's prior cases. *See Andrews*, 398 F.3d at 1120; *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (stating that a court may take judicial notice of its own records in other cases, as well as other courts' records). The following docket records are sufficient to show Plaintiff has at least four dismissals that qualify as strikes:

(1) *Young v. Atty. Gen'l CA,, et al.*, Case No. 2:99-cv-01039-DFL-JFM (E.D. Cal. Sept. 9, 1999) (Findings and Recommendations [F&Rs] to dismiss civil action pursuant to 28 U.S.C. § 1915A(b)(1), (2)) [ECF No. 8]; (E.D. Cal. Oct. 7, 1999) (Order adopting F&Rs and dismissing action) [ECF No. 11] (strike one);

(2) *Young v. U.S. Government*, Case No. 2:02-cv-02940-RT-E (C.D. Cal. Sept. 25, 2002) (Report and Recommendation [R&R] to dismiss complaint without leave to amend as "lack[ing] any arguable basis in law") (ECF No. 7 at 3); (C.D. Cal. Oct. 15, 2002) (Order accepting R&R, dismissing complaint, and entering judgment) [ECF No. 10] (strike two);[2]

(3) *Young v. G.D. Sumptner, et al.*, Case No. 2:05-cv-03653-CBM-E (C.D. Cal. Oct. 4, 2005) (Memorandum and Order granting defendants' motion to dismiss complaint for failing to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) with leave to amend) (ECF Nos. 23, 25); (C.D. Cal. Feb. 14, 2006) (R&R to dismiss civil action for failure to amend) [ECF No. 34]; (C.D. Cal. March 30, 2006) (Order adopting R&R and dismissing civil action) (ECF No. 35) (strike three);[3] and

---

[2] "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989.

[3] *See Harris*, 863 F.3d at 1142 (finding that a failure to amend does "not negate the determination already made by the Court that the complaint [plaintiff] had filed ... failed to state a claim."). "A prisoner may not avoid incurring strikes simply by declining to take advantage of [an] opportunit[y] to amend." *Id.* at 1143.

(4)  *Young v. Voong, et al.*, Case No. 1:17-cv-01671-LJO-SAB (E.D. Cal. Jan. 5, 2018) (F&R re: dismissal of action for failure to state a cognizable claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A) [ECF No. 11]; (E.D. Cal. March 7, 2018) (Order adopting F&R to dismiss case with prejudice for failure to state a claim) [ECF No. 14] (strike four).

Because Plaintiff accumulated these prior strike dismissals while incarcerated, he may not proceed IFP unless he meets Section 1915(g)'s "imminent danger" exception.[4] To do so, his pleadings must contain a "plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting U.S.C. § 1915(g)). Imminent danger requires plausible allegations of harm "ready to take place," or "hanging threateningly over one's head," *id.* at 1056, and must also "stem[] from the violations of law alleged in [the] complaint." *Ray*, 31 F.4th at 701. The exception "functions as a limited safety valve," *id.*, but it "cannot be triggered solely by complaints of past injury or generalized fears of possible future harm." *Hernandez v. Williams*, No. 21-cv-347-MMA-KSC, 2021 WL 1317376, at *2 (S.D. Cal. Apr. 8, 2021).

///

---

[4]  In fact, Plaintiff has previously been denied leave to proceed IFP pursuant to 28 U.S.C. § 1915(g), or has had his IFP privileges revoked, in this district as well as in the Central, Eastern, and Northern Districts of California. *See e.g.*, *Young v. Paramo, et al.*, Case No. 3:18-cv-02002-LAB-KSC (S.D. Cal. Sept. 18, 2018) (Order denying IFP pursuant to 28 U.S.C. § 1915(g) and dismissing civil action) (ECF No. 4); *Young v. Avalos, et al.*, Case No. 2:18-cv-06173-AG-E (C.D. Cal. Sept. 28, 2018) (Order revoking Plaintiff's In Forma Pauperis Status pursuant to 28 U.S.C. § 1915(g)) (ECF No. 11); *Young v. Broadaus, et al.*, Case No. 1:20-cv-00539-DAD-JDP (E.D. Cal. April 20, 2020) (F&Rs to denying IFP as barred by 28 U.S.C. § 1915(g)) (ECF No. 16); (E.D. Cal. Aug. 24, 2020 Order adopting F&Rs) (ECF No. 21); and *Young v. Achtley, et al.*, Case No. 5:20-cv-08349-LHK, 2021 WL 9166404 (N.D. Cal. Aug. 20, 2021) (Order Denying Motion for Leave to Proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915(g) and Dismissing Action) (ECF No. 18). The Ninth Circuit has also recognized Plaintiff's § 1915(g) bar. *See Young v. Williams*, Appeal No. 19-55513 (9th Cir. Oct 25, 2019) (Dkt. 6); and *Young v. Godwin*, Appeal No. 20-16446 (9th Cir. Sept. 17, 2020) (Dkt. 4).

    Neither Plaintiff's Complaint nor his subsequently filed Declaration include any plausible allegations of imminent physical danger. Instead, Plaintiff alleges Defendants used unreasonable force against him and other inmates during a "disturbance" on RJD's C-Yard involving another prisoner in July and August 2024. *See* ECF No. 1 at 3–4. He further claims Defendants as a group have long conspired against him based on race, engaged in RICO violations, and have "interfer[ed] with [his] legal litigations," by "separating [him] from [his] legal property" and "silenc[ing] [his] voice as 'truthteller.'" *Id.* at 2–5; ECF No. 4 at 1.

    Section 1915(g)'s "imminent danger" exception cannot be triggered merely by reference to past injuries. *See Andrews*, 493 F.3d at 1053; *see also Allen v. Villanueva*, No. 3:20-cv-02334-WQH-WVG, 2021 WL 614995, at *2 (S.D. Cal. Feb. 16, 2021) ("[C]onclusory references to a past incident of force, without more, are insufficient to plausibly suggest Plaintiff faced an 'imminent danger of serious physical injury' at the time he filed his Complaint."); *Cohea v. Davey*, No. 1:19-CV-01281-LJO-SAB (PC), 2019 WL 5446490, at *1 (E.D. Cal. Oct. 24, 2019) (finding prisoner's allegations of past assaults insufficient to show "imminent danger" under 1915(g)), *reconsideration denied*, No. 1:19-CV-01281-NONE-SAB (PC), 2020 WL 5763929 (E.D. Cal. Sept. 28, 2020).

    Moreover, none of Plaintiff's broad allegations of a racial conspiracy to enslave citizens, *see* ECF No. 1 at 5, systemic acts of retaliation, interference with mail, or confiscations of legal property show he faced any plausible ongoing physical danger at the time of filing. *See Cramer v. Dir. of Corr.*, No. 1:23-CV-01511-CDB, 2023 WL 7153676, at *2 (E.D. Cal. Oct. 31, 2023) (collecting cases), *report and recommendation adopted*, 2023 WL 8522435 (E.D. Cal. Dec. 8, 2023), *appeal dismissed sub nom. Cramer v. Dir. of California Dep't of Corr. & Rehab.*, No. 23-4437, 2024 WL 1342751 (9th Cir. Mar. 19, 2024). In fact, the Northern District of California has already rejected Plaintiff's repeated allegations of a "constant conspiracy to target[,…] and murder and silence him," as implausible and insufficient to meet § 1915(g)'s exception. *See Young v. Achtley*, No. 20-CV-08349-LHK, 2021 WL 9166404, at *7 (N.D. Cal. Aug. 20, 2021); *Cervantes*, 493 F.3d

at 1057 n.11 (noting that "overly speculative or fanciful" allegations of ongoing danger "may be rejected" under § 1915(g)). This Court agrees and finds Plaintiff's comparable allegations in this case also fail to satisfy § 1915(g)'s exception. *See Cervantes*, 493 F.3d at 1055; *Ray*, 31 F.4th at 701.

## II.  CONCLUSION

For the reasons explained, the Court:

1. **DENIES** Plaintiff's Motions to Proceed IFP [ECF Nos. 2, 5] as barred by 28 U.S.C. § 1915(g);

2. **DISMISSES** this civil action without prejudice based on Plaintiff's failure to pay the full $405 civil filing fee required by 28 U.S.C. § 1914(a);

3. **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

4. **DIRECTS** the Clerk of Court to close the case.

**IT IS SO ORDERED**.

Dated: December 17, 2024

_____
Hon. Robert S. Huie
United States District Judge